UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| SAMANTHA SKINDELL,<br><br>Petitioner,<br><br>and<br><br>JUSTIN SKINDELL,<br><br>Respondent. | Case No.  C22-05110 MJP<br><br>ANSWER AND AFFIRMATIVE DEFENSE TO VERFIED COMPLAINT AND PETITION |

COMES NOW Respondent Justin Skindell, by and through his attorney, and respectfully submits this Answer and Affirmative Defenses to Petitioner Samantha Skindell's Verified Complaint and Petition for Issuance of a Show Cause Order and For Return of Child to Canada ("Petition").  The Respondent hereby answers and responds to the Petitioner's allegations in numbered paragraphs corresponding to the paragraph numbers of the Petition as follows:

## **ANSWERS**

I.     **Introduction**

1.     The Respondent admits that Samantha Skindell is a resident of British Columbia, Canada seeking the return of her minor child to Canada.  The Respondent denies that he wrongfully retained the minor child in the United States of America ("U.S.A.") and avers that the U.S.A. is the child's habitual residence.  The Respondent

lacks knowledge or information sufficient to form a belief regarding what Ms. Skindell knew or consented to on or about November 27, 2021.  The Respondent neither admits nor denies the remaining allegations in Paragraph 1 of the Petition because they do not require a response.

2.      The Respondent neither admits nor denies the allegations in Paragraph 2 of the Petition because they do not require a response.

3.      The Respondent neither admits nor denies the allegations in Paragraph 3 of the Petition because they do not require a response.

**II.    Jurisdiction and Venue**

4.      The Respondent admits the allegations in Paragraph 4 of the Petition.

5.      The Respondent admits the allegations in Paragraph 5 of the Petition.

**III    Parties and Wrongfully Removed Children**

6.      The Respondent denies the allegation in the headline to Section III that the child was wrongfully removed. The Respondent admits that Samantha Skindell is a Canadian citizen, and that she was born on August 28, 1991. The Respondent lacks knowledge or information sufficient to form a belief regarding Ms. Skindell's current employment and the permanency of her current residence.  The Respondent neither admits nor denies the remaining allegations in Paragraph 6 of the Petition because they do not require a response.

7.      The Respondent admits that he is a citizen of the U.S.A., and that he currently resides in Pierce County, Washington.  The Respondent denies that he is a current permanent resident of Canada.    The Respondent lacks knowledge or

---

Answer and Affirmative Defense
No. 3:22-cv-05110

p. 2 of 8

**Goldberg & Jones, PLLC**
1200 Westlake Ave. N., Suite 700
Seattle, WA  98109
Tel: (206) 448-1010   Fax: (206) 448-0736

information sufficient to form a belief regarding the remaining allegations in Paragraph 7 of the Petition.

8.     The Respondent admits that he and Ms. Skindell are the parents of S.S., who was born in Olympia, Washington in October 2019.  The Respondent also admits that S.S. is a minor child under the age of 16.

9.     The Respondent admits that he and Ms. Skindell were married on February 6, 2015, in the U.S.A.  The Respondent denies that he has continuously lived in Canada since August 2, 2021.

10.    The Respondent admits that he and Ms. Skindell resided together as husband and wife in Canada between August 2, 2021, and November 2, 2021, and avers that on November 2, 2021, Ms. Skindell told him that their marriage was over. The Respondent denies that he and Ms. Skindell resided in a "marital residence" and avers that they temporarily stayed with Ms. Skindell's parents in the basement of their house located in the tiny remote village of Roberts Creek, British Columbia, Canada.

11.    The Respondent lacks knowledge or information sufficient to form a belief regarding the allegations made in Paragraph 11 of the Petition.

12.    The Respondent admits that Ms. Skindell was present for the birth of S.S., and that she is listed at the child's mother on the birth certificate.  The Respondent denies that Ms. Skindell resided with him and their child at the parties' marital residence located in British Columbia, Canada.

13.    The Respondent denies that he wrongfully retained the child in the U.S.A. and avers that the U.S.A. is the child's habitual residence.  The Respondent denies that

Answer and Affirmative Defense
No. 3:22-cv-05110

p. 3 of 8

**Goldberg & Jones, PLLC**
1200 Westlake Ave. N., Suite 700
Seattle, WA  98109
Tel: (206) 448-1010   Fax: (206) 448-0736

Ms. Skindell saw him and the child on a daily basis between October 27, 2019, and November 27, 2021.

14.     The Respondent admits that on November 27, 2021, he did not return to Canada from the U.S.A. with the child.  The Respondent lacks knowledge or information sufficient to form a belief regarding whether Ms. Skindell consented to this or any other aspect of her state of mind.  The Respondent admits that he lives in Pierce County, Washington.  The Respondent denies that he is presently wrongfully retaining the child and avers that the U.S.A. is the child's habitual residence.

15.     The Respondent admits that Ms. Skindell has asked to speak with the child via telephone and/or video-chat application.   The Respondent denies the remainder of the allegations in Paragraph 15 of the Petition and avers that Ms. Skindell currently has contact with the child via video-chat application every day.

16.     The Respondent lacks knowledge or information sufficient to form a belief regarding the allegations made in Paragraph 16 of the Petition.

**IV.     Justin Skindell's Violation of the Convention and ICARA**

17.     The Respondent denies that he violated the Convention and ICARA.  The Respondent denies that he wrongfully removed the child from Canada, that he wrongfully retained the child in the U.S.A., and that Roberts Creek, British Columbia, Canada was the child's habitual residence within the meaning of Article 3 of the Convention.  The Respondent lacks knowledge or information sufficient to form a belief regarding the remaining allegations made in Paragraph 17 of the Petition.

18.     The Respondent neither admits nor denies the allegations in Paragraph 18 of the Petition because they do not require a response.

19.     The Respondent denies the allegation made in Paragraph 19 of the Petition and addresses the allegations made in the subparts of Paragraph 19 as follows:

a.      The Respondent admits that Ms. Skindell is a citizen of Canada. The Respondent admits that he has a permanent resident permit for Canada but denies that he is a permanent resident of Canada and avers that he is a permanent resident of the U.S.A currently residing in University Place, Washington.

b.      The Respondent denies the allegations made in Paragraph 19.b of the Petition and avers that the parties have not resided together since November 27, 2021, and that he has not lived and worked in Canada since November 2021.

c.      The Respondent admits that he and Ms. Skindell were married on February 6, 2015, in the U.S.A.  The Respondent denies the remaining allegation made in Paragraph 19.c of the Petition.

d.      The Respondent denies that the child lived continuously in Canada until he was wrongfully retained in the U.S.A. and avers that the U.S.A. is the child's habitual residence.

e.      The Respondent lacks knowledge or information sufficient to form a belief regarding the allegations made in Paragraph 19.e of the Petition.

f.      The Respondent denies the allegation made in Paragraph 19.f of the Petition and avers that when he and the child returned to their habitual residence in the U.S.A., the child had no Canadian social insurance number and had never been provided medical services in Canada.

g.      The Respondent denies the allegation made in Paragraph 19.g of the Petition.

h.      The Respondent denies the allegation made in Paragraph 19.h of the Petition.

i.      The Respondent denies the allegation made in Paragraph 19.i of the Petition and avers that he discussed with Ms. Skindell his desire to move back to the U.S.A. with the child before he returned to their habitual residence in the U.S.A.

j.      The Respondent lacks knowledge or information sufficient to form a belief regarding the allegations made in Paragraph 19.j of the Petition and avers that the child has health care coverage in Washington provided by Apple Health.

k.      The Respondent denies the allegation made in Paragraph 19.k of the Petition and avers that he received no healthcare or dentistry in Canada.

18.     The Respondent denies all allegations made in the second Paragraph 18 of the Petition and avers that he was the child's primary caregiver while he and the child were in Canada.

19.     The Respondent denies all allegations made in the second Paragraph 19 of the Petition and avers that Ms. Skindell's custodial rights are defined by Washington law because Washington is the child's habitual residence.

20.     The Respondent denies all allegations made in the Paragraph 20 of the Petition.

21.     The Respondent denies all allegations made in the Paragraph 21 of the Petition.

22.     The Respondent neither admits nor denies the allegations in Paragraph 22 of the Petition because they do not require a response.

23.     The Respondent neither admits nor denies the allegations in Paragraph 23 of the Petition because they do not require a response.

24.     The Respondent neither admits nor denies the allegations in Paragraph 24 of the Petition because they do not require a response.

25.     The Respondent neither admits nor denies the allegations in Paragraph 25 of the Petition because they do not require a response.

26.     The Respondent denies the allegation made in Paragraph 26 of the Petition and avers that he did not wrongfully retain the child in the U.S.A. because the U.S.A. is the child's habitual residence.

27.     The Respondent lacks knowledge or information sufficient to form a belief regarding the allegations made in Paragraph 27 of the Petition.

28.     The Respondent neither admits nor denies the allegations in Paragraph 28 of the Petition because they do not require a response.

29.     The Respondent neither admits nor denies the allegations in Paragraph 29 of the Petition because they do not require a response.

## AFFIRMATIVE DEFENSE

### FIRST DEFENSE

As a matter of law, the Hague Convention does not apply because the parties herein did not share a settled intent to change the family's habitual residence from the U.S.A. to Canada, and the Respondent and the child did not become acclimated to

Answer and Affirmative Defense
No. 3:22-cv-05110                          p. 7 of 8

**Goldberg & Jones, PLLC**
1200 Westlake Ave. N., Suite 700
Seattle, WA  98109
Tel: (206) 448-1010   Fax: (206) 448-0736

Canada.   Therefore, the Respondent did not remove the child from his habitual

residence, and the removal is not actionable in under the Convention.

DATED March 2, 2022.

Goldberg & Jones, PLLC                    _____
1200 Westlake Ave N, Ste 700              Robert C. Bennett, WSBA # 28385
Seattle, WA 98109                         Attorney for the Respondent
Tel: 206-448-1010
Fax: 206-448-0736
rbennett@goldbergjones.com


                              VERIFICATION

       I declare under penalty of perjury under the laws of the state of Washington that

the facts I have provided in my statement above are true and correct.

Signed at *(city and state)*: _University Place, Washington._      Date: _March 2, 2022._


▶ _____

*Justin Skindell, Respondent*